UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD A. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV415 HEA |
| ) | |
| METROPOLITAN POLICE DEPT. ) | |
| OF THE CITY OF ST. LOUIS, and ) | |
| ST. LOUIS BOARD OF POLICE ) | |
| COMMISSIONERS, ) | |
| ) | |
| Defendants. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendants' Motion to Dismiss, [Doc. # 8]. Although plaintiff has failed to file a response in accordance with this Court's Local Rules, the Motion will be denied on the merits.

### **Facts and Background**

Plaintiff's Complaint is brought pursuant to Title V of the Civil Rights Act of 1964, 28 U.S.C. § 2000 *et seq*., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Missouri Human Rights Act, Rev.Stat.Mo. § 213.010. The Complaint alleges the following: Plaintiff contends that while employed with the St. Louis Metropolitan Police Department, he was one of 95 African Americans who

took the examination for promotion to Sergeant during the period of May 4, 2003 and June 1, 2003. The results of this examination were issued on June 27, 2003, listing only three African Americans in the top qualifying category called Cluster A. Plaintiff was not named in the Cluster A.

Results were issued listing the names that qualified for promotion in Cluster B, which is the second qualifying category. Plaintiff was not included in Cluster B. Seven out of thirty seven persons named in Cluster B were African American. Plaintiff contends that the 2003 examinations for promotion to sergeant were discriminatory to plaintiff, as well as other African Americans who took the exam, because: the percentage of African Americans who qualified and were named in Cluster A and Cluster B should have been higher and because it was not higher, there is a disparate impact on the protected group of African Americans who took the exam, namely plaintiff; that the components used to qualify examinees for promotion are biased and prevent African Americans from getting a fair opportunity to be promoted; that the scoring system does not meet federal guidelines for testing; that the use of the 2003 test for promotion adversely impacts the African Americans who took the test, namely plaintiff.

Plaintiff alleges that he filed a claim for discrimination with the EEOC in July, 2003. He received a Notice of Right to Sue from the EEOC on December 17, 2004.

Based on these allegations, plaintiff contends that defendants violated Title VII and the MHRA.  Defendants move to dismiss the Complaint for failure to state a cause of action.

**<u>Discussion</u>**

Defendants urge dismissal based on plaintiff's assertion that there should have been more African Americans named in Cluster A and Cluster B, "without any factual basis."  Defendants further argue that plaintiff has failed to allege any factual basis for his claims; has failed to allege sufficient statistics to support a disparate impact on African Americans; and has failed to establish a causal connection between the racially neutral policy of taking the examination for promotion and the alleged disparate impact on African Americans.

Defendants motion is one to dismiss for failure to state a cause of action, not a motion for summary judgment.  While defendants argue that plaintiff may not proceed with his case because he has failed to allege sufficient facts, such is not required of plaintiff at this stage of the litigation.  Motions to dismiss test the sufficiency of the Complaint, not whether plaintiff will ultimately prove the allegations contained in the complaint.   A heightened standard of pleading in a Title VII action is not required.

This Court has never indicated that the requirements for establishing a

prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss. For instance, we have rejected the argument that a Title VII complaint requires greater "particularity," because this would "too narrowly constric[t] the role of the pleadings." *McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 283, n. 11, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976). Consequently, the ordinary rules for assessing the sufficiency of a complaint apply. See, *e.g.*, *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims").

In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell Douglas* framework does not apply in every employment discrimination case. For instance, if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case. See *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985) ("[T]he *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination").

Moreover, the precise requirements of a prima facie case can vary depending on the context and were "never intended to be rigid, mechanized, or ritualistic." *Furnco Constr. Corp. v. Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978); see also *McDonnell Douglas*, *supra,* at 802, n. 13, 93 S.Ct. 1817 ("[T]he specification ... of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations"); *Teamsters v. United States,* 431 U.S. 324, 358, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977) (noting that this Court "did not purport to create an inflexible formulation" for a prima facie case); *Ring v. First Interstate Mortgage, Inc.*, 984 F.2d 924, 927 (C.A.8 1993) ("[T]o measure a plaintiff's complaint against a particular formulation of the prima facie case at the

pleading stage is inappropriate"). Before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case. Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases.

Furthermore, imposing [a] heightened pleading standard in employment discrimination cases conflicts with Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See *id.*, at 47-48, 78 S.Ct. 99; *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168-169, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990).

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts. In *Leatherman* we stated: "[T]he Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under §1983. *Expressio unius est exclusio alterius.*" 507 U.S., at 168, 113 S.Ct. 1160. Just as Rule 9(b) makes no mention of municipal liability under Rev. Stat. § 1979, 42 U.S.C. §

> 1983 (1994 ed., Supp. V), neither does it refer to employment discrimination. Thus, complaints in these cases, as in most others, must satisfy only the simple requirements of Rule 8(a).
>
> Other provisions of the Federal Rules of Civil Procedure are inextricably linked to Rule 8(a)'s simplified notice pleading standard. Rule 8(e)(1) states that "[n]o technical forms of pleading or motions are required," and Rule 8(f) provides that "[a]ll pleadings shall be so construed as to do substantial justice." Given the Federal Rules' simplified standard for pleading, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim. See *Conley, supra*, at 48, 78 S.Ct. 99 ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits").

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511-515 (2002).

Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits. "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer*, 416 U.S., at 236, 94 S.Ct. 1683.

Applying this standard to this case, plaintiff's complaint satisfies the requirements of Rule 8(a) because it gives defendants fair notice of the basis for his claims. Plaintiff alleges that he took the examination, that he was not in the group of qualified individuals, that the examination was discriminatory, that the percentage of African Americans who qualified and were named should have been higher, that the components used to qualify were biased, that the scoring did not meet federal guidelines, and that as a result, plaintiff was subjected to discrimination. These allegations give defendants fair notice of what plaintiff's claims are and the grounds upon which they rest. See *Conley, supra,* at 47, 78 S.Ct. 99. In addition, they state claims upon which relief could be granted under Title VII and the MHRA.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss for failure to state a claim, [Doc. 8], is denied.

Dated this 7th day of October, 2005.

_____
    HENRY EDWARD AUTREY
  UNITED STATES DISTRICT JUDGE